**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| RAFAIL THEOKARY, | : | Bankruptcy No. 07-11008DWS |
| | : | |
| Debtor. | : | |

## MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Debtor's Amended Motion to Reopen the above-captioned bankruptcy case so that Debtor may file an adversary proceeding alleging willful violation of the automatic stay by the parties identified below. For the reasons stated below, the Motion shall be granted.

**BACKGROUND**

Debtor filed this Chapter 7 bankruptcy case on February 16, 2007. The Chapter 7 Trustee filed a Report of No Distribution and Debtor was discharged on January 14, 2008. The case was closed on January 17, 2008.

Debtor wants to reopen this case to commence an adversary proceeding against certain New Jersey individuals and businesses: Tom Shay, Eric Abbbatiello d/b/a Abbitiello Racing Stables, Showplace Farms, and Gaitway Farms (the "Proposed Defendants") to seek

damages for willfully violating the automatic stay of §362(a). The Motion alleges that the Proposed Defendants sold certain horses in which Debtor allegedly has a lease interest at a stableman's lien sale on Feb. 19, 2007, i.e. three days after his bankrupcy case was filed.

At the hearing on the Motion, Defendants were represented by defendant Jeffrey Pacaro, Esquire ("Pacaro"). While Pacaro mailed a written "Certification" in response to the Motion to the Clerk's office, this documentary submission contravened the mandatory electronic filling requirements imposed upon attorneys filing in this Court. After notice of same, he failed to cure the filing defect. As such, the Certification was stricken from the record. Doc. 71 (Order entered 11/17/2008).[1] At the hearing on November 4, 2008, the Debtor objected to Paccaro's participation because he was not a member of the bar of this Court. This deficiency was remedied when the former Chapter 7 trustee, a member of our bar, moved him *pro hac vice*. In allowing Paccaro to appear, I cautioned him that he must comply with the local rules and procedural Orders of this Court, including the mandatory electronic filing procedure. I also allowed him an additional week to supplement the record, i.e. until November 11, 2008, but again expressly instructed him to follow the electronic filing requirements of the Court. Pacaro did not electronically file any supplementation.

---

[1] Those requirements are clearly stated in this Court's standing Order M-3-3005 and amendments thereto, which are posted on the Court's website. The Order mandates that attorneys file electronically or seek a temporary waiver or extension. Attorneys granted waivers/extensions are allowed to submit papers if they are accompanied by a disk or CD-ROM containing the documents in portable document format (PDF). I note that the docket reflects yet another attempt by Pacaro to submit papers to the Clerk's office on December 3, 2008 without following these procedures. Pursuant to the Court's standing order, these documents will also be stricken.

**DISCUSSION**

Pursuant to section 350(b), "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." Whether to reopen a closed bankruptcy case is committed to the discretion of the bankruptcy court. See, e.g., Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir.1997); Judd v. Wolfe, 78 F.3d 110, 116 (3d Cir.1996).

In general, when a former debtor seeks to reopen a closed bankruptcy case, the court should consider a variety of non-exclusive factors including: the length of time that the case has been closed, see Matter of Case, 937 F.2d 1014, 1018 (5th Cir. 1991), whether a non-bankruptcy forum, such as state court, has the ability to determine the dispute to be posed by the debtor were the case reopened, see, e.g. In re Tinsley, 98 B.R. 791 (Bankr. S.D. Ohio 1989); whether prior litigation in bankruptcy court implicitly determined that state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened. See generally Arleaux v. Arleaux, 210 B.R. 148, 149 (B.A.P. 8th Cir. 1997), aff'd, 149 F.3d 1186 (8th Cir. 1998) (Table). This Court has previously refused to reopen a case where the cause of action underlying the motion is patently without merit. In re Redcay, 2007 WL 4270378 (Bankr. E.D. Pa. Dec. 3, 2007). See also In re Janssen, 396 B.R. 624, 634 (Bankr. E.D. Pa.2008) (recognizing court's discretion to refuse reopening case where movant would

clearly not be entitled to the relief sought after reopening); In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995) (a bankruptcy "court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources").

The Motion seeks relief for violation of the automatic stay. It appears that the action Debtor complains of was taken after the bankruptcy case was filed. Stay violations are clearly matters for bankruptcy court jurisdiction. While the state courts have concurrent jurisdiction to determine the applicability of the automatic stay, see, e.g., In re Steward, 338 B.R. 654, (Bankr. D. N.J. 2006), a cause of action seeking redress for violation of or seeking enforcement of the automatic stay is generally held to be within the exclusive jurisdiction of the Bankruptcy Court. See, e.g., In re Lucas, 312 B.R. 559, 571 (Bankr. D. Md. 2004); In re Startec Global Communications Corp., 292 B.R. 246, 254 (Bankr. D. Md. 2003). Thus, I may not defer to the state court on this matter. Nor is the amount of time that has elapsed, while seven months, so protracted to preclude the relief being sought.

While the above factors point to reopening the case, I questioned whether any action was taken against the Debtor that would have been protected by the stay. Based on the record made, I am still skeptical.[2] However, I cannot state with certainty that no relief is possible. Had Pacaro taken advantage of the opportunity presented to him to make a record

---

[2] In support of the Motion, Debtor sought to have me consider a one-page excerpt of the transcript of a hearing purportedly before a New Jersey state court judge. Exhibit M-1. As that single page was insufficient for me to determine what judgment was at issue and how it related to a violation of the automatic stay in this case, I allowed Debtor (as I did Paccaro) to supplement his record by filing the full transcript. That supplementation was also not made, and therefore in deciding this preliminary motion, I do not consider the partial transcript as support for reopening.

in support of his objection, I might have been able to conclude otherwise. Accordingly I will reopen the case and allow Debtor a brief window of opportunity to file the requested adversary proceeding. This in no way prejudices the Defendants who will have full opportunity to respond to the complaint, just as they were given opportunity to respond to the Motion. Nothing in this Memorandum shall be construed as a finding with respect to the merits of Debtor's allegations of a stay violation.

In addition, while it should go without saying, I fully expect any further filings to be made and served in compliance with the Federal Rules of Bankruptcy, and the Court's Local Rules and Standing Orders.

An Order consistent with this Memorandum Opinion shall be entered.

_____
DIANE WEISS SIGMUND
U.S. Bankruptcy Judge

December 17, 2008